*GREEN TREE SERVICING, LLC, f/k/a Conseco Finance Servicing Corp.,*
Plaintiff
*vs.*
*Mary A. KING*
Defendant

In the District Court of the Navajo Nation
Judicial District of Window Rock, Navajo Nation (Arizona)

**No. WR-CV-627-04**

March 18, 2005

834

## ORDER

THIS MATTER comes before the Court following a hearing pursuant to a Notice to Appear and Show Cause issued by the Court. This docket number was initiated by a Petition for Order Allowing Repossession of Collateral filed on October 26, 2004. The collateral that Plaintiff seeks to repossess is a mobile home. Having considered the record and being otherwise fully informed, the Court orders that the Petition is DISMISSED for the following reasons:

Repossession is the act of recovering goods sold on credit (or in installments) when the buyer fails to pay for them. In the Navajo Nation repossession is statutorily governed by 7 N.N.C. §§621-624 (as amended by Navajo Nation Council Resolution No. CO-72-03 (October 24, 2003)). Although the language within our repossession statute has changed since its inception in 1968, the intent of the law remains steadfast: personal property may only be removed from the Navajo Nation with consent from the debtor at the time of repossession or by order of Navajo Nation court. In this case, Plaintiff seeks a court order and it is with that provision of the statute that the Court is concerned here.

When a plaintiff seeks repossession by means of a court order, there are two different ways it may proceed: via the Navajo Rules of Civil Procedure (civil rules) or the Navajo Rules for Repossession of Personal Property Proceedings (repossession rules). The repossession rules were adopted in 1982 and have been affirmed as a valid means to effect the repossession of personal property by our Supreme Court. *See Reservation Business Services v. Albert*, 7 Nav. R. 123 (Nav. Sup. Ct. 1995). The initial difference between the civil rules and the repossession rules is the notice to the defendant and the time within which the hearing is scheduled. If a plaintiff proceeds according to the civil rules, a 30-day civil summons is issued and the defendant has the opportunity to file an answer with the Court, after which the case proceeds according to the procedures (pretrial conferences, discover, etc.) required by the civil rules. *See* Nav. R. Civ. P. Rules 4, 12. Pursuant to our case management policy a final judgment in a civil case should be entered within 180 days of the filing of a complaint or petition. Judicial Branch Case Management Policy, JB-JY-04-99 (July 16, 1999), §III(A)(3).

When a plaintiff proceeds pursuant to the repossession rules, however, a very different timeline and set of procedures is initiated. Under those rules, once a petition is filed the Court issues an order to show cause to the defendant and a hearing to determine repossession is set not less than fourteen days and not more than thirty days after the date the court issues the order.[1] "The Repossession Rules create a streamlined process for creditors to repossess property located on the Navajo Nation." *Duncan v. Shiprock Dist. Ct.*, 8 Nav. R. 581, 587 (Nav. Sup. Ct. 2004).

The repossession rules have been used to seek repossession of all sorts of collateral, including mobile homes, since their adoption. The Court notes that in *Reservation Business Services*, the seminal case affirming the validity of the repossession rules, the collateral sought to be repossessed was a mobile home. Nevertheless, today this Court concludes that it will no longer allow the repossession of mobile homes pursuant to the repossession rules.

Last year, our Supreme Court issued its opinion in *Fort Defiance Housing Corporation v. Lowe*, 8 Nav. R. 463 (Nav. Sup. Ct. 2004). Although that case was not a repossession action, the reasoning of the Court is directly applicable to this Court's findings and decision today. Lowe was an appeal from a forcible entry and detainer action, which like a repossession action, is a procedure "by which a Navajo person or family can be involuntarily separated from their home." *Lowe*, 8 Nav. R. at 473.

In *Lowe* the Court took judicial notice that "a home, *hooghan*, in the context of Navajo custom and tradition is more than just a dwelling place." *Id.* Further:

> The Navajo home is not only a roof over one's head, but the place where families are established and children grow and learn; it is the center of all Navajo relationships. Children are conceived in the home ..... In the home children are given their education and knowledge of who they are and their place in the world. In the home children learn their responsibilities to themselves and to their family members, and where children learn the concept of *k'é* that will guide their relationships throughout their life. The home in Navajo thinking is not a mere piece of property in which one holds an equity interest, but *hooghan* rises to a level of spiritual centrality.

*Id* at 473–4. Because of the importance of a home to Navajos, the *Lowe* Court held that a tenant has an absolute right to due process in eviction proceedings. For the same reasons, this Court finds that debtors have the absolute right to due process in repossession proceedings.

The question for this Court, then, is whether the repossession rules afford

[1] Repossession rule 7 requires that the hearing be set no less than five days and no more than ten days after the issuance of the OSC, but our Supreme Court has extended the time period as a matter of due process. *Reservation Business Services*, 7 Nav. R. at 132; *Duncan*, 8 Nav. R. at 588.

the required due process when seeking to separate a Navajo person and his or her home. The undersigned finds that as a matter of practicality, they do not. Due process requires meaningful notice and an opportunity to be heard before the taking of property. *See Yazzie v. Jumbo*, 5 Nav. R. 75, 76 (Nav. Sup. Ct. 1986). That the repossession rules allow for the potential separation of a Navajo person from his or her home in a mere fourteen days does not give, in reality, a defendant the meaningful opportunity to appear or to prepare for the hearing. Once the Court determines that the property sought to be repossessed is a security under an agreement, its sole consideration is whether or not there has been a breach of the agreement so as to justify repossession. Repossession Rules 8(b). Often the defendant argues offers a counterclaim or setoff, or argues that he or she is, in fact, up to date in payments, but testifies that they were unable to obtain documentation before the hearing or that they had not been able to contact the creditor before the hearing. Such was the scenario in this case. In these situations, even if the Court finds probable cause to believe that the defendant has a valid claim for relief pursuant to rule 9, it still must either order the repossession or order that defendant post a bond to prevent the repossession. In this Court's experience, defendants are rarely able to post the bond required and are therefore separated from their home despite the probable validity of their claim. The Court finds that this is certainly not the due process contemplated by the Supreme Court in *Lowe*.

Another practical problem with effecting a repossession in the short period of time contemplated within the repossession rules is that defendants who want to retain or consult legal counsel do not have the opportunity to do so before the hearing at which a repossession is likely to be ordered. The typical OSC hearing goes like this: when the Court asks the defendant if he or she knows what the hearing is about and what the possible outcomes of the hearing will be, it becomes clear that the defendant is not well-informed about the nature of the proceedings. The defendant often explains that he or she attempted to contact legal counsel but were unable to do so before the hearing. Another common scenario is that after the judge explains the nature of the case, the defendant requests additional time so that he or she can contact legal counsel. The Repossession Rules authorize only a five-day continuance (Rule 7), which rarely provides enough time for legal counsel to become involved on the defendant's behalf.

It seems to this Court that given the physical and conceptual importance placed on the *hooghan* in *Lowe*, this Court cannot continue to allow the repossession of mobile homes pursuant to the repossession rules. Those rules intend a balance between creditors' rights and debtors' rights, with a "streamlined" process for repossession, but the practical reality is that the repossession rules encourage the separation of Navajos from their homes without due process. It is not a great hardship for creditors to proceed on complaints or petitions for repossession pursuant to the civil rules. Those rules

provide inherent protection for the exact problems created by the repossession rules in actions concerning mobile homes.

First, the 30-day civil summons and answer period provides adequate time for defendants to seek either settlement with the plaintiff or legal counsel to explain the action. If they fail to respond, the plaintiff may avail itself of the civil default remedies in the same manner as it does pursuant to the repossession rules. Second, the pretrial procedures built into the civil rules will help clarify the issues before the Court for the parties without forcing the Court into a position of advocate, and give more opportunity for settlement between the parties as the issues and facts are clarified.

It may be that this prohibition on repossession of mobile homes pursuant to the repossession rules tips the scales of favor too far to the side of the debtors. It may be that the due process contemplated by the *Lowe* Court exists within the repossession rules for all collateral including mobile homes. But that is for the Supreme Court to decide, and this Court will readily accept whatever guidance comes from our highest court. In the meantime, and for the foregoing reasons, the Court orders that the Petition for Order Allowing Repossession of Collateral is DISMISSED. It may be refiled in compliance with this order.